1   Craig S. Summers (State Bar No. 108,688)
    craig.summers@kmob.com
2   Matthew S. Bellinger (State Bar No. 222,228)
    matt.bellinger@kmob.com
3   Nicholas M. Zovko (State Bar No. 238,248)
    nicholas.zovko@kmob.com
4   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street
5   Fourteenth Floor
    Irvine, CA  92614
6   Phone: (949) 760-0404 Facsimile: (949) 760-9502

7   Attorneys for Plaintiff,
    SPERIAN RESPIRATORY PROTECTION USA, LLC
8
    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
9   Michael A. Geibelson (State Bar No. 179,970)
    mageibelson@rkmc.com
10  2040 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208
11  Phone: (310) 552-0130 Facsimile: (310) 229-5800

12  Ronald J. Schutz (*pro hac vice*)
    rjschutz@rkmc.com
13  Cyrus A. Morton (*pro hac vice*)
    camorton@rkmc.com
14  Patrick M. Arenz (*pro hac vice*)
    pmarenz@rkmc.com
15  2800 LaSalle Plaza
    800 LaSalle Avenue
16  Minneapolis, MN 55402-2015
    Phone: (612) 349-8500 Facsimile: (612) 339-4181
17
    Attorneys for Defendant, DRAEGER SAFETY, INC.
18
                  IN THE UNITED STATES DISTRICT COURT
19
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
20
                        SOUTHERN DIVISION
21

22  SPERIAN RESPIRATORY                ) Case No. SACV08-01010 AG
    PROTECTION USA, LLC, a Delaware    ) (MLGx)
    limited liability company,         )
23                                     )
                                       )
24          Plaintiff,                 ) **[PROPOSED] STIPULATED**
                                       ) **PROTECTIVE ORDER**
25      v.                             )
                                       )
26  DRAEGER SAFETY, INC., a Delaware   ) Hon. Andrew J. Guilford
    corporation,                       )
                                       )
27 _____Defendant._____      )

28

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties consider certain information likely to be disclosed during discovery to be confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties mutually desire that a protective order limiting use, access to, and disclosure of such confidential information be entered;

It is hereby AGREED and STIPULATED among the parties and ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.      Any document, deposition testimony, or other information disclosed in this case, or any portion thereof, may be designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" by any party or witness if such party or witness reasonably believes in good faith that such material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the information is of the following type:  (a) a trade secret entitled to protection under the Uniform Trade Secrets Act, as adopted in California or Pennsylvania, (b) technical, financial, or marketing information which the disclosing party reasonably believes would cause competitive harm to the disclosing party if it were publicly disclosed, or (c) information which the disclosing party has independently agreed in the ordinary course of business to maintain in confidence for the benefit of a third party.  No material shall be designated "Confidential" or "Highly Confidential Attorneys' Eyes Only" if the material has been published, distributed to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-party in confidence.

2.      Information, documents, or other things subject to protection under this Order ("Protected Material") shall be identified as "Confidential" or

- 1 -

1    "Highly Confidential Attorneys' Eyes Only."   The words "Confidential" or

2    "Highly Confidential Attorneys' Eyes Only" shall be placed clearly on each

3    page or portion of the Protected Material at the time the Protected Material is

4    produced.   If a party through inadvertence produces or provides discovery of

5    any Protected Material without first labeling, marking or designating it as

6    "Confidential" or "Highly Confidential Attorneys' Eyes Only," then the

7    producing party may, within ten (10) days after the discovery of the inadvertent

8    production, give written notice to the receiving party or parties that the

9    Protected Material is "Confidential" or "Highly Confidential Attorneys' Eyes

10   Only" and should be treated in accordance with the provisions of this Order.

11   The receiving party or parties must treat such Protected Material in accordance

12   with this Order from the date such notice is received. Disclosure of such

13   Protected Material prior to receipt of such notice to persons not authorized to

14   receive it shall not be deemed a violation of this Order; however, those persons

15   to whom disclosure was made shall be promptly advised by the receiving party

16   that the material disclosed was "Confidential" or "Highly Confidential

17   Attorneys' Eyes Only" and must be treated in accordance with this Order.

18          3.    In the event the producing party elects to produce files and records

19   for inspection, and the inspecting party desires to inspect files, no marking need

20   be made by the producing party in advance of the initial inspection.   For

21   purposes of the initial inspection, all documents and information within the

22   produced files shall be considered as designated "Highly Confidential

23   Attorneys' Eyes Only."   Thereafter, upon selection of specified documents for

24   copying by the inspecting party, the producing party shall mark the copies of

25   such documents as may contain Protected Material with the appropriate

26   confidentiality marking at the time the copies are produced to the inspecting

27   party.

28          4.    Protected Material classified as "Confidential" may be disclosed

- 2 -

only to the following persons, except upon the prior written consent of the designating party or further order of the Court:

    a. Outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

    b. Officers, employees, and in-house counsel for each party, provided that they are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such persons comply with Paragraph 7 of this Stipulated Protective Order;

    c. Independent experts and consultants, including jury consultants, trial consultants, and graphics and animation specialists (collectively, "experts") retained in this action by the outside attorneys of record, provided that the expert satisfies the conditions set forth in Paragraph 5 of this Protective Order;

    d. A witness during a deposition or at trial who, on the face of the document, is clearly an author or recipient of the document;

    e. Court reporters or videographers who are neither past nor present employees of any party and who are preparing transcripts of testimony of a witness in this case;

    f. Outside vendors who perform scanning, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services and no documents or copies shall be retained; and

    g. This Court and any court to which an appeal in this action might lie.

    5.    No expert shall receive Protected Material under Paragraph 4(c) or Paragraph 6 of this Stipulated Protective Order unless and until the conditions

- 3 -

1    set forth in this Paragraph 5 are met.  First, such expert must be provided with a

2    copy of this Stipulated Protective Order.  Second, such expert must comply with

3    Paragraph 7 of this Stipulated Protective Order.   Third, the signed

4    acknowledgement form of Paragraph 7 must be sent to opposing counsel,

5    together with the following information regarding the expert:  name, present

6    employer and title, and a resume or similar description of prior

7    work/employment, all past consulting relationships, all past or present

8    affiliations with any party, and any engagement related to SCBA technology.

9    Fourth, opposing counsel shall have ten (10) calendar days after receipt of the

10   expert's identification and signed acknowledgment to object in good faith, in

11   writing, to disclosure of confidential information on the basis that disclosure of

12   confidential information to the proposed expert would result in material risk of

13   disclosure or misuse of the confidential information, and to request a conference

14   of counsel in accordance with Local Rule 37-1.  At such conference of counsel,

15   the parties shall discuss the objections to the proposed disclosure of information

16   and the bases for any Motion for Protective Order contemplated to prevent such

17   disclosure.   Any such Motion for Protective Order shall be filed in strict

18   compliance with Local Rules 37-1 and 37-2, including specifically the

19   requirement of filing a Joint Stipulation in accordance with Local Rule 37-2.

20   After the conference of counsel, opposing counsel then shall have ten (10)

21   additional calendar days to serve the objecting party's portion of the Joint

22   Stipulation in support of the Motion for Protective Order.  All further papers

23   relating to the motion for Protective Order shall be filed in accordance with the

24   time frame set forth in Local Rule 37.  Failure to object, to serve the objecting

25   party's portion of the Joint Stipulation, or file a motion within the time

26   permitted by this Paragraph 5 shall be deemed a waiver of any objection to the

27   expert's access to the information.  If a timely objection is made, no disclosure

28   of Protected Material shall be made to the expert until the objection is resolved

- 4 -

1  by the Court or the time for serving the objecting party's portion of the Joint
2  Stipulation or filing a motion under this Paragraph has expired.

3        6.    Certain financial, pricing, cost, licensing, supplier, vendor,
4  marketing, business strategy, sales, customer, engineering, development and
5  technical information that is particularly sensitive and/or of immediate
6  competitive significance may be designated "Highly Confidential Attorneys'
7  Eyes Only."  Care shall be taken by the producing party to use the designation
8  "Highly Confidential Attorneys' Eyes Only" only where the producing party has
9  a good faith belief that such protection is needed.  Access to all Protected
10 Material that is designated "Attorneys' Eyes Only" shall be limited to only those
11 persons designated in paragraphs 4(a), (c), (d), (e), (f), and (g) above and the
12 following designated in-house counsel: (1) for Sperian – Winfield Major and (2)
13 for Draeger – W. Glenn Edwards.

14       7.    Prior to disclosure of Protected Material to any person enumerated
15 in Paragraph 4(b) or (c), the person receiving such Protected Material shall
16 execute the attached Agreement To Be Bound By Protective Order and a copy
17 of such executed Agreement shall be retained by counsel for the receiving party.

18       8.    Any Protected Material that a party seeks to file with the Court
19 under seal shall be submitted to the Court only as provided by Civil Local Rule
20 79-5.  In particular, all documents containing non-segregable Protected
21 Materials that are submitted to the Court shall be lodged (not filed) with the
22 Court in sealed envelopes or other appropriate sealed containers on which shall
23 be placed the title of the litigation, an indication of the nature of the contents of
24 the sealed envelope or other container, and the words "Confidential" or "Highly
25 Confidential Attorneys' Eyes Only" as appropriate.  If the Protected Materials
26 are segregable, such as an exhibit or set of exhibits in support of a motion, then
27 only the segregable materials shall be lodged in this matter, with the remaining
28 materials being publicly filed.  The party lodging the Protected Materials shall

1  simultaneously file an application to seal such materials, directed to the judicial

2  officer to whom the underlying papers are directed. Until the Court rules on

3  whether to seal, the lodged material shall remain under seal.

4       9.    All notes, extracts, and summaries of Protected Material shall also

5  be considered Protected Material and shall be subject to the terms of this Order.

6  All copies of Protected Material shall be considered Protected Material.

7       10.    A party shall not be obligated to challenge the propriety of a

8  "Confidential" or "Highly Confidential Attorneys' Eyes Only" classification at

9  the time made, and a failure to do so shall not preclude a subsequent challenge

10 thereto. Any party may request in writing to the party who produced Protected

11 Material that the classification be modified or withdrawn. If the designating

12 party does not agree to reclassification within ten (10) days of receipt of the

13 written request, the requesting party may apply to the Court for relief by motion.

14 Any such Motion for Protective Order shall be filed in strict compliance with

15 Local Rules 37-1 and 37-2, including specifically the requirement of filing a

16 Joint Stipulation in accordance with Local Rule 37-2.

17      11.    Agreement of the parties to this Order shall not be construed as an

18 agreement or admission by one party that any information classified as

19 "Confidential" or "Highly Confidential Attorneys' Eyes Only" by the other

20 party is in fact confidential information. In determining whether any such

21 designation is proper, the Court shall be governed by the standards set forth in

22 Fed. R. Civ. P. 26(c) and the case law thereunder. The burden of proof and

23 persuasion shall be on the party seeking to maintain confidentiality.

24      12.    Protected Material disclosed through deposition testimony or

25 otherwise at any deposition in this litigation may be designated as

26 "Confidential" or "Highly Confidential Attorneys' Eyes Only" by any party or

27 the witness by indicating on the record at the deposition or by written notice to

28 the opposing party and the court reporter within fourteen (14) days of receipt of

1  the official transcript thereof. All transcripts shall be treated as "Highly

2  Confidential Attorneys' Eyes Only" until expiration of the fourteen (14) day

3  period, unless otherwise agreed by the parties and witness on the record at the

4  deposition or in writing. The court reporter shall designate those portions of the

5  deposition transcripts which are designated on the record as Protected Material

6  with the appropriate "Confidential" or "Highly Confidential Attorneys' Eyes

7  Only" legend. If Protected Material is to be disclosed during a deposition, any

8  persons present who are not authorized to receive such material shall be asked to

9  leave the deposition until such time as the testimony no longer involves

10  disclosure of such material.

11      13.    This Order shall not bar any attorney identified in paragraph 4(a)

12  above in the course of rendering advice to his or her client from referring to or

13  relying in a general way upon his or her examination of Protected Material

14  produced or exchanged herein, provided however, that in rendering such advice

15  and otherwise communicating with his or her client, the attorney shall not

16  disclose the specific contents or substance of any Protected Material produced

17  by another party herein if that disclosure would be contrary to the terms of this

18  Order.

19      14.    Except as set forth in Paragraph 15 of this Stipulated Protective

20  Order, all Protected Material, including information contained in Protected

21  Material, may be used only for the purposes of the present litigation, including

22  all appeals, and in proceedings to enforce a subpoena in connection with this

23  litigation. In all appeals and proceedings to enforce a subpoena, the party

24  relying upon the Protected Material shall use appropriate procedures to ensure

25  that the Court treats the Protected Material as "Confidential" or "Highly

26  Confidential Attorneys' Eyes Only," in accordance with this Stipulated

27  Protective Order. At the conclusion of this litigation, by final judgment,

28  settlement, or otherwise, each party shall promptly return to the other party all

1   Protected Material produced, disclosed, or designated by such other party during

2   this litigation.  Alternatively, a party may destroy these materials and certify in

3   writing that it has done so.  Notwithstanding the foregoing, outside counsel may

4   retain an archival copy of documents filed with the Court that contain Protected

5   Material, provided such archival copies are maintained in confidence.  Except as

6   provided above, neither party shall retain a copy in any form of Protected

7   Material after the termination of this litigation.   The treatment accorded

8   Protected Material under this Order shall survive the termination of this action.

9         15.     Any party receiving Protected Material who believes in good faith

10  that disclosure of such material to the United States Patent and Trademark

11  Office (PTO) is required by 37 C.F.R. § 1.56 may disclose such material to the

12  PTO using the confidential disclosure procedures set forth in Sections 724 -

13  724.06 of the Manual of Patent Examining Procedure.  Any such disclosure

14  shall be accompanied by a Petition to Expunge such Protected Material from the

15  PTO's file in accordance with 37 C.F.R. § 1.59(b) and Section 724.05 of the

16  Manual of Patent Examining Procedure.  At least ten (10) calendar days prior to

17  submission of Protected Material to the PTO, the submitting party shall provide

18  written notice of the planned submission to the producing party.  The producing

19  party may seek relief from this Court to prevent or otherwise restrict disclosure

20  of the Protected Material to the PTO.

21        16.  Privilege Log - Any privileged communication that occurs solely

22  between all or some of the following individuals does not need to be logged by

23  the Parties on their privilege log:  (a) the Party, (b) its Outside Counsel who has

24  filed an appearance in this matter, and (c) experts and consultants retained by

25  the Party or its counsel specifically for the present litigation. The omission of

26  any such communication from a Party's privilege log will not constitute a

27  waiver of any privilege.  Privileged or work product materials created on or

28  after September 11, 2008 (the filing date of this litigation) do not need to be

1   logged by the Parties on their privilege logs.  For the materials that the Parties

2   are required to log, the Parties agree to log entries in categories by subject

3   matter as opposed to logging each missive or communication individually. A

4   privilege log entry, for instance, will identify all persons involved in the group

5   of communications, the date range for the communications, whether the

6   communications are protected by the attorney-client privilege, the work product

7   doctrine, and/or both, a description of the subject matter category that the

8   communications fall within, and state the number of individual communications

9   included in the group of communications. The Parties, however, reserve their

10   right to seek a log of the materials identified in this paragraph or

11   communications to be logged individually if a Party later reasonably believes

12   that such information would be probative and the requesting party demonstrates

13   good cause.

14         17.  Prosecution Bar – Any person subject to this Protective Order who

15   obtains, receives, or otherwise learns of, in whole or in part, technical

16   information designated as Highly Confidential Attorneys' Eyes Only under this

17   Protective Order shall not thereafter prepare, prosecute, or be directly involved

18   in the preparation or prosecution of any patent application in any way related to

19   or encompassing SCBA devices for three years from the disclosure of the

20   technical information.

21         18.  If information is produced in discovery in this matter that is subject

22   to a claim or privilege or protection as trial-preparation material, the party

23   making the claim may notify any party that received the information of the

24   claim and the basis for it within ten (10) business days of having discovered that

25   such information was produced.  After being notified of the claim, a party

26   receiving such information must promptly return, sequester or destroy the

27   specified information and any copies and may not use or disclose the

28   information until the claim is resolved.  If the receiving party disclosed the

1   information before being notified, it must take reasonable steps to retrieve it.  If

2   the receiving party disputes the claim or believes the protection has been

3   waived, it may present the information to the Court under seal within ten (10)

4   business days of receiving the notice for a determination of the claim.   The

5   producing party must preserve the information until the claim is resolved.

6        19.    The inadvertent disclosure of privileged or work product protected

7   material shall not constitute a waiver of privilege as between the Parties or any

8   other third party, as governed by Federal Rule of Evidence 502. Entry of this

9   Protective Order by the Court constitutes a court order under Federal Rule of

10  Evidence 502(d).

11       20.    Expert Reports - A testifying expert's draft reports, notes, outlines,

12  communications with counsel, and any other writings and materials generated

13  by a testifying expert leading up to his final report(s) in this case are exempt

14  from discovery. Materials and writings, nonetheless, are not exempt from

15  discovery if the materials or writings contain (1) data or information relied upon

16  by the expert in forming his opinion(s), (2) data or information relevant to the

17  expert's opinion(s) that was considered and not relied upon in forming his

18  opinion(s), or (3) any test data relevant to the expert's opinion generated by or

19  made available to the expert. Communications and/or materials which contain

20  both exempt and non-exempt information may be produced in redacted form so

21  as to disclose only non-exempt information. The expert must produce (1) his

22  final report, and (2) all communications/materials to the extent they contain

23  non-exempt information.

24       21. In the event that a party seeks discovery from a non-party to this

25  action, either the non-party or the parties may invoke the terms of this Order

26  with respect to any Protected Material provided to the parties by the non-party

27  by so advising all parties in this suit in writing.  Any non-party that discloses

28  Protected Material under this Order shall be entitled to the rights of a party

- 10 -

1    under this Protective Order with respect to those produced materials.

2         22.    The parties shall, at the close of this litigation, return to the other

3    party or parties, or destroy, all Protected Material in accordance with Paragraph

4    14 of this Order.

5         23.    Nothing in this Stipulated Protective Order shall restrict a party's

6    use of its own Protected Materials.  Similarly, nothing in this Order shall be

7    deemed in any way to restrict the use of information that is lawfully obtained or

8    publicly available to a party independently of discovery in this action, whether

9    or not such information has also been obtained during the course of discovery in

10   the action.

11        24.    Execution and entry of this Order shall not prevent a party to the

12   litigation or a non-party under Paragraph 21 from seeking modification of or

13   relief from this Order or from seeking other relief or protective orders as may

14   become appropriate or necessary to efficiently prepare this matter for trial.

15        25.    Nothing in this Order shall be construed as authorizing a party to

16   disobey a lawful subpoena issued in another action.

17

18

19   Dated: March 24, 2009

20                                   _____

                                     The Honorable Marc L. Goldman
21                                   United States Magistrate Judge

22

23

24

25

26

27

28

1

2   **APPROVED AS TO FORM:**

3

4   Date:  March 20, 2009                          Date:  March 20, 2009

5

6   /s/ Nicholas M. Zovko                          /s/ Patrick M. Arenz
    Craig S. Summers                               Ronald J. Schutz
7   Matthew S. Bellinger                           Michael A. Geibelson
    Nicholas M. Zovko                              Cyrus A. Morton
8   **KNOBBE, MARTENS, OLSON**                     Patrick M. Arenz
    **& BEAR, LLP**                                **ROBINS, KAPLAN, MILLER &**
9                                                  **CIRESI L.L.P.**

    Attorneys for Plaintiff,
10  **SPERIAN RESPIRATORY**                        Attorneys for Defendant
    **PROTECTION USA, LLC**                        **DRAEGER SAFETY INC.**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

1

## **EXHIBIT A**

2

IN THE UNITED STATES DISTRICT COURT

3

FOR THE CENTRAL DISTRICT OF CALIFORNIA

4

SOUTHERN DIVISION

5    SPERIAN RESPIRATORY

     PROTECTION USA, LLC, a Delaware    )   Case No. SACV08-01010 AG (MLGx)

6    limited liability company,                 )

                                        )   **AGREEMENT TO BE BOUND**

7                Plaintiff,             )   **BY PROTECTIVE ORDER**

                                        )

8          v.                    )

                                        )

9    DRAEGER SAFETY, INC., a Delaware    )

     corporation,                     )

10                                         )   Hon. Andrew J. Guilford

             Defendant.           )

11

12

        In consideration of the disclosure to me or production by me of certain

13

information which is or, upon production, may be designated as subject to a

14

Protective Order of the Court, I agree as follows:

15

           1.     I have read the Protective Order in this case and I agree to be

16

                   bound by its terms.

17

           2.     I understand that if I violate the terms of the Protective Order, I

18

                   may be subject to a contempt of court proceeding.

19

           3.     I agree to submit to the jurisdiction of the Court for the purpose of

20

                   enforcement of this Protective Order.

21

                             Dated: _____

22

23

                                          (Signature)

24

                                          (Print Name)

25

                                          (Address)

26

                                          (Address)

27

28    6842614_1
     032009