Craig S. Summers (State Bar No. 108,688)
craig.summers@kmob.com
Matthew S. Bellinger (State Bar No. 222,228)
matt.bellinger@kmob.com
Nicholas M. Zovko (State Bar No. 238,248)
nicholas.zovko@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff,
SPERIAN RESPIRATORY PROTECTION USA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SPERIAN RESPIRATORY PROTECTION USA, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     v.<br><br>DRAEGER SAFETY, INC., a Delaware corporation,<br><br>             Defendant. | Civil Action No.<br><br>SACV08-01010 AG (MLGx)<br><br>**DECLARATION OF MATTHEW S. BELLINGER IN SUPPORT OF PLAINTIFF SPERIAN RESPIRATORY PROTECTION USA, LLC'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER PRECLUDING DEFENDANT DRAEGER SAFETY, INC. FROM CONDUCING THE DEPOSITION OF TIMOTHY SOPKO**<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br><br>Discovery Cutoff: 08/14/2009<br>Pretrial Conference: 03/29/2010<br>Trial: 04/13/2010<br><br>Honorable Marc L. Goldman |

I, Matthew S. Bellinger, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Plaintiff Sperian Respiratory Protection USA, LLC ("Sperian"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently hereto.

2. I met and conferred with counsel for Draeger, Cyrus Morton, on August 10, 2009, in good faith in an effort to resolve the dispute regarding exceeding the deposition limit without court action. The parties were unable to reach an agreement. Mr. Morton indicated Draeger would oppose this *ex parte* Application and that Draeger requests to participate in any argument the Court may have on this Application.

3. Attached hereto as Exhibit 1 is a true and correct copy of a subpoena Draeger originally issued on June 22, 2009 for the deposition of Comprehensive Technical Solutions ("CTS"). CTS is the company for which Mr. Siska and Mr. Sopko worked while performing work at Sperian's direction in the 1990s.

4. Attached hereto as Exhibit 2 is a true and correct copy of a subpoena Draeger originally issued on June 22, 2009 for the deposition of William Siska.

5. Attached hereto as Exhibit 3 is a true and correct copy of a subpoena Draeger issued on August 4, 2009 for the deposition of Timothy Sopko.

6. Attached hereto as Exhibit 4 is a true and correct copy of from the Joint Scheduling Conference Report filed by the parties in this case on January 26, 2009 (D.I. 17).

7. Draeger has already served deposition notices or subponea for and deposed the four named inventors on Sperian's patent asserted in this case (Carl Toft, David Haston, Carl Schaefer and Duane Decker), Steve Weinstein, a first

-1-

noticed Rule 30(b)(6) deposition of Sperian, a second noticed Rule 30(b)(6) of Sperian, a Rule 30(b)(6) deposition of Comprehensive Technical Solutions, Inc. ("CTS"), William Siska, and the National Fire Protection Association. Draeger has also previously served subpoenas for George Bethel and Scott Health and Safety and will be taking those depositions on August 12 and August 18 respectively.

8. At Draeger's request, the parties conducted a conference of counsel on July 14, 2009 regarding the issue of Draeger exceeding the ten deposition limit allowed by the Federal Rules.

9. Sperian agreed as part of that conference of counsel that it would not object to Draeger taking the depositions noticed as of that date. Attached hereto as Exhibit 5 is a true and correct copy of a letter dated July 16, 2009 from Mr. Zovko (counsel for Sperian) to Mr. Arenz (counsel for Draeger) memorializing issues discussed during that conference of counsel.

10. Draeger did not notify Sperian it intended to depose Mr. Sopko until August 10, 2009 when Draeger sent Sperian a copy of the subpoena, which Draeger stated had been served on Saturday (August 8). In the prior several weeks, counsel for Sperian and Draeger have been in constant, personal communication as they have been attending multiple depositions. Counsel for Draeger never once indicated during that time that Draeger intended to depose Mr. Sopko.

11. Counsel for Draeger has known about Mr. Sopko since at least late May 2009 when Sperian produced documents relating to work Mr. Sopko (along with Mr. Siska and CTS) did for Sperian.

12. Attached hereto as Exhibit 6 is a true and correct copy of a subpoena Draeger originally issued on July 1, 2009 for the deposition of the National Fire Protection Association ("NFPA").

1. 13. Attached hereto as Exhibit 7 is a true and correct copy of a series of emails beginning on August 10, 2009 between Mr. Zovko and Mr. Arenz indicating that Draeger received over 350 pages of documents from the NFPA by August 3, 2009, but did not provide them to Sperian until Mr. Zovko inquired as to the documents on August 10, 2009.

2. 14. Attached hereto as Exhibit 8 is a true and correct copy of an email dated August 10, 2009 from Mr. Zovko (counsel for Sperian) to Mr. Arenz (counsel for Draeger) inquiring whether NFPA had produced any documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of August, 2009 in Irvine California.

   /s/ *Matthew S. Bellinger*
Matthew S. Bellinger

7616451